IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

JANO JUSTICE SYSTEMS, INC., )
)
       Plaintiff, )
)
vs. ) CASE NO.  08-CV-3209
)
SAM BURTON and )
SCB SYSTEMS, INC., )
)
       Defendants. )

## REPORT AND RECOMMENDATION

**BEFORE U.S. MAGISTRATE JUDGE BYRON G. CUDMORE:**

Before the Court is Plaintiff's Motion for Default Judgment (d/e 6) filed November 21, 2008 and Defendants' Response (d/e 9) filed December 8, 2008. The Court is proceeding with a Report and Recommendation as Plaintiff's Motion for Default Judgment (d/e 6) is dispositive in nature.

BACKGROUND

On September 19, 2008, Plaintiff filed its Complaint against Defendants and Summons were issued. On November 10, 2008 Attorney James K. Zerkle entered his appearance (d/e 4) on behalf of Defendants, but no responsive pleading was filed. Plaintiff's Motion for Default

Judgment (d/e 6) attached as Exhibit A an Affidavit of Service of Civil Process (d/e 6-2) detailing service upon Defendant Sam Burton, individually and as agent for Defendant SCB Systems, Inc. on October 2, 2008, making Defendants' answers due on or before October 22, 2008.

From a review of the Plaintiff's Motion (d/e 6) and Defendants' Response (d/e 9), it is clear that counsel for the parties discussed an extension of the deadline of October 22, 2008 up to and including November 9, 2008.  However, the lines of communication between counsel for the parties broke down and Plaintiff filed its' Motion for Default Judgment (d/e 6).  Defendants' filed their Motion for Judgment on the Pleadings for Count I and Motion to Dismiss Count II, Count III, and Count IV (d/e 8) just one day after Plaintiff's Motion for Default (d/e 6) was filed. Defendants' Motion (d/e 8) indicates that Defendants are now defending the case.  Defendants argue that default isn't proper under Rule 55(a), and should not be granted.   Plaintiff filed a Response (d/e 10) to Defendants' Motion for Judgment on the Pleadings for Count I and Motion to Dismiss Count II, Count III, and Count IV (d/e 8) on December 9, 2008.  Plaintiff does not mention its motion for default.  By responding to Defendants'

motion (d/e 8) on the merits, the Court can infer Plaintiff has abandoned its motion for default.

## ANALYSIS

The Seventh Circuit has long held that the decision to enter default lies within the District Court's discretion. O'Brien v. R.J. O'Brien & Assocs., Inc., 998 F.2d 1394, 1398 (7th Cir., 1993). Because a default judgment is a harsh sanction, it should be employed only in extreme situations when other less drastic sanctions have proven unavailing. C.K.S. Engineers, Inc. v. White Mountain Gypsum Co., 726 F.2d 1202, 1205 (7th Cir., 1984). Herein, default has not been entered, merely a motion for entry of default judgment has been filed. Defendants have filed a Motion for Judgment on the Pleadings for Count I and Motion to Dismiss Count II, Count III, and Count IV (d/e 8). The Defendants' failure to file a responsive pleading by October 22, 2008 has caused only a minimal delay herein. The Court does not see prejudice to the Plaintiff in allowing this case to be litigated on its merits. Plaintiff has now responded to Defendants' Motion for Judgment on the Pleadings for Count I and Motion to Dismiss Count II, Count III, and Count IV (d/e 8) and the case should proceed on the merits.

Herein, if default had been entered, the Defendants under these facts would have grounds to move to vacate default under Rule 60(b) as they have shown good cause for the default, quick action to correct it, and a meritorious defense.  See <u>Zuelzke Tool & Engineering Co., Inc. v. Anderson Die Castings, Inc.</u>, 925 F.2d 226, 229 (7th Cir., 1991).

CONCLUSION

UNDER THESE FACTS, IT IS RESPECTFULLY RECOMMENDED that Plaintiff's Motion for Default Judgment (d/e 6) be DENIED.

The parties are advised that any objection to this Report and Recommendation must be filed in writing with the Clerk of the Court within ten (10) working days after service of this Report and Recommendation. Fed. R. Civ. P. 72(b);  28 U.S.C. § 636(b)(1).  Failure to object will constitute a waiver of objections on appeal.  <u>Video Views, Inc. v. Studio 21, Ltd.</u>, 797 F.2d 538 (7th Cir. 1986).  See also Local Rule 72.2.

ENTERED this 10th day of December, 2008.

*s/ Byron G. Cudmore*
_____
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE