IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JANO JUSTICE SYSTEMS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 08-3209 |
| | ) | |
| SAM BURTON and SCB SYSTEMS, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## OPINION

RICHARD MILLS, U.S. District Judge:

Defendants move for reconsideration of this Court's preliminary injunction order.

Two arguments are raised. The first is that a hearing should have been held because of three conflicts in various affidavits: (1) ownership of Clericus Magnus, (2) reasonable prospects of business relations, and (3) whether Clericus Magnus is a "trade secret."

As for ownership, this Court accepted Burton's claim that he developed the predecessor to Clericus Magnus. Beyond that, however,

ownership is a legal question, rather than a factual one. The same is true in determining whether Clericus Magnus constitutes a "trade secret." This is an issue of Illinois law and is not controlled by Burton's conclusory views on the subject. Finally, regarding the business relations, there is no conflict: read together, the affidavits (and other documents) show that Jano once worked with several Illinois counties, but does not any longer.

That aside, Defendants do not challenge the other basis for finding that Plaintiff will prevail: that Burton breached his fiduciary duties as a 50% owner of Jano by setting up a competing business. As such, the order will stand.

The second challenge regards the security requirement. As this element was inadvertently omitted, the reconsideration motion is granted. However, the Court lacks sufficient information to craft an appropriate security amount. Therefore, the parties are to file short briefs (no more than two pages) discussing what constitutes an appropriate amount. These briefs (or, better yet, an agreed upon amount) should be filed before or on July 9, 2009.

Ergo, the motion for reconsideration [d/e 32] is GRANTED to the extent it seeks imposition of the security requirement; it is DENIED with regard to the alleged necessity of a hearing.

IT IS SO ORDERED.

ENTERED:                              July 1, 2009

FOR THE COURT:                 /s Judge Richard Mills
                               United States District Judge